**IN THE UNITED STATES DISTRICT COURT**
  **FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-06-0311 |
| v. | * | Civil No. – JFM-11-2604 |
| | * | |
| ROY HOPKINS | * | |
| | ****** | |

**MEMORANDUM**

Roy Hopkins has filed this motion under 28 U.S.C. §2255. In order to prevent the unnecessary time and expense that would be entailed in resolving one of the issues raised by Hopkins, whether he advised his counsel to file a notice of appeal – I will enter an order under Fed. R. App. P. 4(b)(4) allowing Hopkins to file a belated notice of appeal. Otherwise, his motion will be denied.

All of the contentions other than the contention that Hopkins' attorney failed to file a notice of appeal on his behalf after having been instructed to do so (which may be without merit but would necessitate an evidentiary hearing) are frivolous and need to be only cursorily addressed.

First, Hopkins contends that his counsel was ineffective for failing to object at the re-sentencing hearing to a two-level increase to his basic offense level for "creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer . . ." Obviously, his counsel was not ineffective in raising this issue because petitioner had previously agreed to and signed a statement of facts, drafted by his prior counsel, in which he agreed that he did not dispute that his actions recklessly endangered a police officer's and the public's safety.

1

Second, as to Hopkins' contention that his counsel did not request a downward departure at the re-sentencing hearing based upon diminished capacity, it is clear from the record that Judge Benson Legg, to whom the case was then assigned, took Hopkins' mental state into account when he imposed a sentence substantially below the Guidelines.

Third, Hopkins' contention that his appellate counsel was ineffective for failing to argue on direct appeal that his trial counsel had been ineffective is barred by the general rule that it is best to raise ineffective assistance of counsel claims in a 2255 motion rather than on direct appeal.  *See Massaro v. United States*, 123 S.Ct. 1694 (2003).  Although *Massaro* recognized that there may be an unusual case "in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal," this is not such a case.

Hopkins received a 77 month sentence that was well below the Guideline range of 110-120 months that applied after Judge Legg granted a downward departure on the ground that Hopkins' criminal history category was overstated.  He has been treated generously, and his present motion is without merit.

A separate order denying Hopkins' motion is being entered herewith.


Date:  July 11, 2012          ___/s/_____
                              J. Frederick Motz
                              United States District Judge